**HOOK & FATOVICH, LLC**
1044 Route 23 North, Suite 100
Wayne, New Jersey 07470
Tel.: 973.686.3800
Fax: 973.686.3801
Counsel for Debtors-in-Possession
**ILISSA CHURGIN HOOK, ESQ.**
**MILICA A. FATOVICH, ESQ.**

| | |
|---|---|
| In re:<br><br>**Black Creek Condos LLC, et al.,**<br><br>**Debtors-in-Possession.** | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY CHAPTER 11<br><br>Lead Case No.: 21-15192−SLM (Jointly Administered)<br><br>Hon. Stacey L. Meisel, U.S.B.J.<br><br>**Hearing Date: May 3, 2022 at 11:00 a.m.** |

_____

**DEBTORS' LIMITED OPPOSITION TO THE MOTION OF PENDER EAST CREDIT 1 REIT, L.L.C. FOR AN ORDER (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO LENDER'S MOTION FOR CHARGING ORDER AGAINST THE DEBTORS' NON-DEBTOR AFFILIATES OR, ALTERNATIVELY, (II) GRANTIG RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE MOITON FOR CHARGING ORDER TO ALLOW THE MOTION FOR CHARGING ORDER TO PROCEED**

_____

TO:  STACEY L. MEISEL, U.S.B.J.
    UNITED STATES BANKRUPTCY COURT

The jointly administered Chapter 11 Debtors-In-Possession Black Creek Condos LLC, Black Creek Condos 57592 LLC, Black Creek Condos 57593 LLC and Camp Monte LLC (collectively the "Debtors") hereby respond to the Motion Of Pender East 1 Reit, LLC ("Pender") For An Order (I) Confirming That The Automatic Stay Does Not Apply To Lender's Motion For Charging Order Against The Debtors' Non-Debtor Affiliates Or, Alternatively, (II) Granting Relief From The Automatic Stay To Allow The Motion For Charging Order To Proceed (the "Stay Relief Motion") as follows:

1.    On June 24, 2021, Black Creek Condos LLC, Black Creek Condos 57592 LLC, and

1

Black Creek Condos 57593 LLC filed emergency voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code"). On June 25, 2021, Camp Monte, LLC filed an emergency voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  The background of the Debtors' cases is set forth in the Certification Of Moshe Rudich In Opposition To Motion Of Pender East Credit 1 REIT, L.L.C. For (I) Dismissal Of Bankruptcy Cases Pursuant To 11 U.S.C. § 1112(b), Or (II) In The Alternative, For Relief From Stay Pursuant To 11 U.S.C. § 362 (d) (the "Motion to Dismiss") [Doc. No. 110]; Letter Brief In Opposition to the Motion Of Pender East 1 Reit, LLC For (I) Dismissal Of Bankruptcy Cases Pursuant To 11 U.S.C. §1112 (b), Or (II) In The Alternative, For Relief From Stay Pursuant To 11 U.S.C. § 362(d) [Doc. No. 111]; Certification Of Sean Raquet, CPA In Further Opposition To Motion Of Pender East Credit 1 REIT, L.L.C. For (I) Dismissal Of Bankruptcy Cases Pursuant To 11 U.S.C. § 1112(b), Or (II) In The Alternative, For Relief From Stay Pursuant To 11 U.S.C. § 362 (d) [Doc. No. 122]; the Supplemental Certification Of Moshe Rudich In Opposition To Motion Of Pender East Credit 1 REIT, L.L.C. For (I) Dismissal Of Bankruptcy Cases Pursuant To 11 U.S.C. § 1112(b), Or (II) In The Alternative, For Relief From Stay Pursuant To 11 U.S.C. § 362 (d) [Doc. No. 123]; and the March 16, 2022 Order Denying Motion Of Pender East Credit 1 REIT, L.L.C. For (I) Dismissal Of Bankruptcy Cases Pursuant To 11 U.S.C. § 1112(b), Or (II) In The Alternative, For Relief From Stay Pursuant To 11 U.S.C. § 362 (d); And Granting Related Relief (the "Order Denying Motion") [Doc. No. 136] which are incorporated by reference herein.

3.  The totality of the circumstances surrounding Pender's Motion for Charging Order illustrates a lack of good faith by Pender and potentially, an attempt by Pender to side-step this Court's ruling in denying its prior Motion to Dismiss and interfere in the contributions by non-debtor entity NMR Associates, LLC ("NMR") to fund the Debtors' operations and reorganization. At best, Pender's actions continue an overly aggressive, scorched earth approach to prevent and impede the Debtors'

valid utilization of the Bankruptcy Code provisions to effectuate an orderly reorganization of their operations.

4. Despite actively litigating in the subject bankruptcy proceedings since their inception Pender neglected to either (i) seek this Court's permission to vacate or modify the automatic stay provisions of Section 362 of the Bankruptcy Code to proceed with the Motion for Charging Order (which included the attempt to serve the Debtors directly, albeit at an incorrect address); or (ii) if it genuinely believed such permission was unnecessary, properly serve the Debtors' bankruptcy counsel with its Motion for Charging Order. Backtracking in its instant motion by stating that its real targets, the Debtors' principal Moshe Rudich and NMR, do not have the benefit of the stay protections afforded to the Debtors misses the point. The Debtors are entitled to the benefits of the stay protection under Section 362, a cornerstone of the Bankruptcy Code, and should not be served with or subject to state court motions without a modification or lifting of the stay by this Court. Pender conveniently overlooked this basic fact and principle of Bankruptcy Law. <u>See</u> 11 U.S.C. Section 362.

5. The timing of the filing of the Motion for Charging Order (within one hour of Pender's Objection to the Debtors' Chapter 11 Disclosure Statement was filed), along with the Motion for Charging Order's focus on payments by NMR, an entity that is not liable on debts to Pender, coupled with Pender's contrary emphasis before different court, show that Pender is being disingenuous at best with the State Court and this Court.

6. In its Objection to the Debtors' Chapter 11 Disclosure Statement, Pender attempts to cast great doubt upon NMR's finances and ability to fund the Debtors' proposed Chapter 11 Plan, emphasizing the alleged lack of information on NMR and the ability of NMR to contribute funds to the Debtors. However, in its Motion for a Charging Order, filed within an hour after the aforementioned Objection, Pender highlights for the State Court the "significant amounts" paid by NMR on behalf of the Debtors, stating in part:

3

> *Finally*, the same sworn certifications Defendant Rudich submitted to the Bankruptcy Court **make clear that Relief Defendants NMR and Condos are receiving and disbursing significant amounts of cash that could (and should) be remitted to Plaintiff in satisfaction of the Judgment.** *See, e.g.*, First Rudich Cert., ¶ 17 (noting Relief Defendant NMR has paid "hundreds of thousands of dollars" on behalf of the Bankrupt Defendants); *see also* Racquet Cert., ¶ 9 (noting Relief Defendant NMR's payments total more than $550,000). Further, the Bankrupt Defendants' Plan is entirely premised upon the financial backing of Relief Defendant NMR, and Defendant Rudich has represented that it has the ability to meet those obligations moving forward.

See Exhibit 2 of Certification of Kevin Capuzzi, Esq. in Support of Pender's Motion to Vacate Stay, Pages 12-13 (Emphasis added). The payments referred to by and complained of by Pender were not potential future payments on a confirmed chapter 11 plan, but actual payments previously made by NMR, which helped to defeat Pender's Motion to Dismiss Cases.

7. This Court should consider the totality of the circumstances surrounding Pender's Motion for Charging Order, and its aggressive actions in the subject jointly administered matters, including (i) objecting to standard retentions of necessary professionals such as the Debtors' accountants and counsel; (ii) moving to dismiss cases in part because one month of operating reports were delinquent by several weeks; (iii) the lack of any prior individual collection actions against Mr. Rudich; (iv) the lack of any notice to the Debtors' counsel whilst attempting service directly on Chapter 11 Debtors; and (v) the focus of the Motion for Charging Order upon prior payments by NMR, not proposed plan payments, to or on behalf of the Debtors. In this context, the attempt to obtain a charging order is not merely an extension of state court actions as to a non-debtor party; rather, it appears to be an attempt to interfere with funding of the Debtors' operations by a third party which does not owe any money to Pender, to harass Mr. Rudich and distract his attention from operating the Debtors and focusing on the Plan and Disclosure process to deal with yet one more motion by Pender. The harm to the Debtors potentially caused by this overreach by Pender is substantial – it appears that having lost

4

the Motion to Dismiss Cases/Vacate Stay, Pender is suddenly in urgent need of collection action against Mr. Rudich – approximately 14 months after entry of a monetary default judgment against him.

8.   Had the Motion for Charging Order been a continuation of normal ongoing collection attempts or had Pender approached this Court openly with notice to Debtors' counsel of its actions, one could draw another conclusion. However, the totality of the circumstances and the emphasis to the State Court on the large sums of money previously paid by NMR, contrast significantly and strikingly with Pender's arguments to this Court that the Debtors and NMR are overstating their access to capital when objecting to the Chapter 11 Disclosure Statement.

9.   Pender's April 8, 2022 Letter Response to the Opposition filed by Moshe Rudich to the Motion for Charing Order, Exhibit 2 to Certification of Kevin Capuzzi, Esq. [Docket No. 149-2], arguing to the State Court that the Debtors (called the Bankrupt Defendants) are "irrelevant," is disingenuous and ignores the fact that almost the entirety of the pleadings/exhibits of the Motion for Charging Order relate to the Debtors' bankruptcy pleadings.  Further, if the Debtors were irrelevant to the Motion for Charging Order, why did Pender find it necessary to serve the Debtors with said Motion?

10.   Pender's bad behavior and prior attempt to secure a charging lien without notice to Debtors' counsel or this Court should not be rewarded now that the Superior Court, clearly concerned with possible automatic stay implications, has forced Pender to finally come before this Court to properly ask for stay relief before it would hear the Motion for Charging Order.

WHEREFORE, the Debtors respectfully request that this Court deny Pender's Motion to Vacate Stay or, in the alternative, grant limited stay that prevents the entry of a Charging Order which could interfere with the terms of the Amended Contribution Agreement previously filed with this Court.

        Respectfully submitted,

        **HOOK & FATOVICH, LLC**
        **Counsel for Debtors-in-Possession**

BY: */s/    Milica A. Fatovich*
        **MILICA A. FATOVICH**

Dated: April 28, 2022

Cc via ECF and E-mail:
Fran Steele, Esq.
Kevin M. Capuzzi, Esq.
Cc via E-mail:
Moshe Rudich